IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACH I EMERY TECH LLC,<br><br>    Plaintiff,<br>  v.<br><br>CAROL H. WILLIAMS ADVERTISING,<br><br>    Defendant.<br>_____ / | No. C 13-05928 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, AND DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS** |

Currently before the Court is a motion to remand filed by plaintiff, Mach I Emery Tech LLC. Docket No. 11. Plaintiff also seeks an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) and Rule 11 sanctions against defendant's counsel. *Id*. This motion is scheduled for hearing before the Court on February 28, 2014. Pursuant to Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion to remand, GRANTS plaintiff's motion for attorneys' fees, and DENIES plaintiffs' request for Rule 11 sanctions.

**BACKGROUND**

This case originated as an action for unlawful detainer, brought by Mach I against defendant, Carol H. Williams Advertising Agency, Inc. (CHWA). On October 17, 2012, Mach I filed this action in California Superior Court for Alameda County. Docket No. 1. Mach I's complaint asserted a cause of action for unlawful detainer, a California state law claim; the complaint alleged CHWA agreed to pay Mach I $27,894 in monthly rent and owed $56,515 in past due rent. *Id*. The Superior Court entered judgment for restitution of premises pursuant to California Code of Procedure § 1169 on October 26, 2012. Docket No. 12, Exhibit C. On May 10, 2013, Mach I filed an application for unlawful detainer

damages in Superior Court. Martinez Decl. ¶ 2. Default judgment in the amount of $76,494 was entered by the Superior Court on July 31, 2013. Docket No. 1. From the record, it appears that in November, 2013, the Los Angeles County Sheriff levied on a writ of execution directing the enforcement of the $76,494 judgment. Docket No. 1. CHWA maintains that the levy captured funds from its employee Health Savings Account and ERISA account. *Id*. The parties stipulated, in Superior Court, that the Health Savings Account and ERISA funds would be exempt from the writ of execution. *Id*.

CHWA removed the present action to this Court on December 23, 2013. *Id*. CHWA's Notice of Removal states the grounds for removal as Mach I's seizure of third party money that involved CHWA's employee ERISA accounts and benefits, in violation of 29 U.S.C. § 1132 et seq. *Id*.

Mach I now seeks remand of the case to the Alameda County Superior Court, based on lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Mach I also seeks an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c), and Rule 11 sanctions against CHWA's counsel. Motion pg. 2.

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal

2

1 requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 552 F.3d 1241, 1244 (9th Cir. 2009). There is a presumption against removal, which mandates the party seeking removal "always has the burden of establishing that removal is proper." *Id*. (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). When ruling on a motion to remand, the court generally looks to the complaint. *See Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985).

## DISCUSSION

Mach I argues that the case must be remanded for lack of federal question jurisdiction because the unlawful detainer cause of action arises under California law and not the laws of the United States. Motion pg. 7. CHWA contends that because the case now involves CHWA's ERISA plans and accounts, the doctrine of "complete preemption" applies and the California law claim is completely preempted by ERISA. Opp. pgs. 5-6.

"A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Complete preemption under § 502(a) is "really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008).[1]

In *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), the Supreme Court set out a two-prong test for complete ERISA preemption: "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Id*. at 210.

---

[1] This Court only has jurisdiction if plaintiff's claims are completely preempted under Section 502 of ERISA. *Marin General Hosp.*, 581 F.3d at 944-45. A provision of state law may "relate to" an ERISA benefit plan, and may therefore be preempted under § 514(a) of ERISA, 29 U.S.C. § 1144(a). "But a defense of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court." *Marin General Hosp.*, 581 F.3d at 944. Accordingly, this order only analyzes whether plaintiff's claims are completely preempted under § 502(a).

3

"A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin General Hosp.,* 581 F.3d at 947.

Under § 502(a)(1)(B), a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Thus, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Davila*, 542 U.S. at 210.

In the present case, the action brought was not a state law claim within the scope of § 502(a)(1)(B). Rather, it was a claim for unlawful detainer, a cause of action under California contract law. Mach I could not have brought this claim for unlawful detainer under ERISA § 502(a)(1)(B). Accordingly, the Court finds that plaintiff does not meet *Davila*'s first prong requirement for complete preemption, and there is no federal subject matter jurisdiction over the case under ERISA.

Further, there is no federal claim alleged on the "face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Mach I's Superior Court complaint states only a claim for unlawful detainer, which is not a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court does not have federal question jurisdiction over the unlawful detainer claim, nor does the Court have jurisdiction under the complete preemption doctrine.

CHWA concedes that it did not include any discussion of removal on the basis of diversity jurisdiction in its notice of removal, but in its opposition, argues that diversity jurisdiction provides a basis for removal of the case pursuant to 28 U.S.C. § 1332. Opp. pg. 6. According to CHWA, there is diversity jurisdiction because the unlawful detainer damages judgment of $76,000 exceeds the $75,000 amount in controversy requirement, and there is complete diversity of citizenship between the parties because CHWA is a citizen of California and Mach I is a Delaware corporation. *Id*.

28 U.S.C. § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). "Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Id*. at 940. This "forum defendant

1 rule" is a non-jurisdictional procedural requirement: "the plaintiff can either move to remand the case 2 to state court within the 30-day time limit, or allow the case to remain in federal court by doing 3 nothing." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). *Id.*

CHWA first invoked diversity as a basis for removal in its opposition to plaintiff's remand motion. Plaintiff objected to removal on the basis of diversity in its reply, citing the forum defendant rule, within the 30-day procedural time limit. Docket No. 23. Specifically, plaintiff argues that CHWA is a California corporation and a citizen of California – the forum state – and that the forum defendant rule therefore prohibits removal of the case. Mitchell Decl. ¶ 7. The Court agrees with plaintiff's position.

Accordingly, the Court GRANTS plaintiff's motion and REMANDS the case to California Superior Court for Alameda County.

## II. Attorneys' Fees

28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. ." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The decision to award fees under § 1447(c) is left to the district court's discretion. *Id.* at 139.

Here, there was no reasonable basis for CHWA to remove the case from state court. There is no federal question presented in the complaint (nor has CHWA argued there is) and removal on the grounds of diversity jurisdiction is similarly lacking. The Court GRANTS plaintiff's motion for attorneys' fees pursuant to § 1447(c).

Plaintiff seeks $10,701.20 in fees and costs. *See* Supplemental Martinez Declaration, ¶¶ 3-5. These hours and rates appear reasonable and will be awarded. [2]

---

[2] The fees sought reflect a one-hour reduction in time spent, to eliminate the time counsel spent "researching and drafting the two paragraphs in [plaintiff's memo] seeking Rule 11 sanctions." This reduction was appropriate.

United States District Court
For the Northern District of California

### III. Rule 11 Sanctions

Plaintiff moves for sanctions against defendant's counsel, arguing defendant and its counsel removed the action without any reasonable basis as a means to harass plaintiff and needlessly increase the cost of defendant's judgment. Motion pg. 9. Defendant's counsel asserts plaintiff and its counsel should be sanctioned for filing the Rule 11 sanction motion. Opposition pg. 8.

Federal Rule of Civil Procedure 11 provides that "[a] party may move for Rule 11 sanctions if its adversary makes a frivolous filing or otherwise makes a contention for an improper purpose." *Islamic Shura Council of Southern California v. F.B.I.*, 725 F.2d 1012, 1014 (9th Cir. 2013). The motion "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."

Here, plaintiff filed the Rule 11 sanctions motions as part of its motion to remand and motion for attorneys' fees. Plaintiff has failed to adhere to the procedural requirements for a Rule 11 motion and the Court therefore DENIES plaintiff's motion.

### CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand the case back to California Superior Court for Alameda County. The Court also GRANTS plaintiff's request for attorneys' fees and costs in the amount of $10,701.20. Finally, the Court DENIES plaintiff's motion for Rule 11 sanctions.

**IT IS SO ORDERED.**

Dated: February 25, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE